IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL WILLIAMS, | No.  2:21-CV-1251-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

   Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 9 and 22, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 23 (minute order referring case to Magistrate Judge).  Pending before the Court are the parties' briefs on the merits, ECF Nos. 17 and 19.

   The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

Step 1   Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2   If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3   If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

///

|   |   |   |
|---|---|---|
| | Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| | Step 5 | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled, and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///
///
///
///

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on September 7, 2017. See ECF 17, pg. 6. In the application, Plaintiff claims disability began on January 31, 2015. Id. Plaintiff's claim was initially denied. Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on January 10, 2020, before Administrative Law Judge (ALJ) Vadim Mozyrsky. Subsequent hearings were held on June 25, 2020, and October 19, 2020. On November 19, 2020, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): history of anal fistulas, lumbar radiculopathy, mild degenerative joint disease of the wrists, and neuropathy;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: he can perform light work except he can frequently climb ramps and stairs, but never climb ladders and scaffolds; frequently balance, stoop, kneel, and crouch; and occasionally crawl. The claimant must avoid concentrated exposure to extreme cold and even moderate exposure to hazards such as operating machinery or working at heights.

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, he is capable of performing his past relevant work as a merchant patroller and security guard.

See CAR[1] 17-24.

After the Appeals Council declined review on May 13, 2021, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on December 16, 2021. See ECF No. 10.

### III.  DISCUSSION

In his brief, Plaintiff argues: (1) the ALJ failed to reconcile the psychiatric review technique findings with Plaintiff's mental residual functional capacity; and (2) the ALJ failed to properly evaluate the medical opinion of Christine Fernando, M.D., regarding Plaintiff's physical limitations.  Both arguments challenge the ALJ's residual functional capacity assessment at Step 4 of the sequential evaluation.

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").  Thus, residual functional capacity describes a person's exertional capabilities in light of his or her limitations.[2]  An ALJ's RFC finding must include all of the limitations the ALJ has found to be supported by the evidence of record. See SSR 85-15.  Where there is a colorable claim of mental impairment, the regulations require the ALJ to follow a special procedure. See 20 C.F.R. §§ 404.1520a(a), 416.920a(a).  The ALJ is required to record pertinent findings and rate the degree of functional loss. See 20 C.F.R. §§ 404.1520a(b), 416.920a(b).

/ / /

/ / /

/ / /

/ / /

---

[2]  Exertional capabilities are the primary strength activities of sitting, standing, walking, lifting, carrying, pushing, or pulling and are generally defined in terms of ability to perform sedentary, light, medium, heavy, or very heavy work. See 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00(a).  "Sedentary work" involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. See 20 C.F.R. §§ 404.1567(a) and 416.967(a).  "Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See 20 C.F.R. §§ 404.1567(b) and 416.967(b).  "Medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. See 20 C.F.R. §§ 404.1567(c) and 416.967(c).  "Heavy work" involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. See 20 C.F.R. §§ 404.1567(d) and 416.967(d).  "Very heavy work" involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. See 20 C.F.R. §§ 404.1567(e) and 416.967(e).

A. **<u>Mental Limitations</u>**

The ALJ evaluated Plaintiff's mental impairments and limitations at Step 2 and determined that Plaintiff's mental impairments are non-severe. See CAR 18-19. To qualify for benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c). In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See Social Security Ruling (SSR) 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

Discussing the severity of Plaintiff's mental impairments at Step 2, the ALJ applied the psychiatric review technique and stated:

> The claimant's medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.
>
> In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering, or applying information. In this area, the claimant has mild limitation. The claimant endorsed low motivation and difficulty with memory, but he is able to handle his financial affairs. Understanding of instructions was within normal limits for simple tasks and he understood three-step instructions and most complex tasks.

He recalled three out of three words immediately and two after a delay, and digit span responses were in the average to low average range (Exhibit 4F). Treatment records describe the claimant as capable of utilizing available resources and of advocating for himself (Exhibit 6F, page 2).

The next functional area is interacting with others. In this area, the claimant has mild limitation. He has never been married and has no children, but he gets along pretty well with family and relatives. He does not interact much with friends or acquaintances. The claimant's affect was mildly flat to euthymic, but he was otherwise calm, stable, and cooperative with a fairly clean appearance and normal mannerisms and speech (Exhibit 4F).

The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. The claimant reported anxiety, a lack of concentration, difficulty focusing, and troubling thoughts. However, his thought processes were clear and rational and not disorganized or tangential, he understood three-step instructions and most complex tasks (Exhibit 4F).

The fourth functional area is adapting or managing oneself. In this area, the claimant has mild limitation. The claimant reported anxiety and low motivation, but he denied any suicidal ideation, and he reported that he can do his own errands, shopping, and driving, he can cook if he has access to the facilities, and he dresses and bathes himself. He admitted occasionally drinking, but not drinking heavily since he was in the Army many years ago (Exhibit 4F). There is no evidence of emergency or inpatient treatment to address acute mental health symptoms, and the claimant is not taking medication for a mental health condition.

Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non-severe (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

* * *

The opinion of David C. Richwerger, Ed.D., who identified no more than mild mental limitations is persuasive (Exhibit 4F, pages 5-6). Similarly, prior administrative findings of the State Agency psychological consultants who identified no more than mild restrictions are persuasive (Exhibits 1A, 2A, 5A, and 6A). The assessments are supported by objective clinical evidence and are consistent with the other evidence including the claimant's activities and the clinical signs in the treatment record.

CAR 10, pgs. 18-19.

///

///

///

        Plaintiff specifically takes issue with the ALJ's residual functional capacity determination because the ALJ failed to reconcile his psychiatric review technique (PRT) findings. ECF No. 17, pgs. 15-16. Plaintiff relies on an unpublished case, Hutton v. Astrue, that the ALJ must either include limitations corresponding to those limitations in the residual functional capacity analysis at Step 4 or explain why they are not warranted based upon the facts at hand. 491 Fed.Appx. 850 (9th Cir. 2012) (unpublished). See ECF No. 17, pg. 15. According to Plaintiff:

> Here, the ALJ determined that Plaintiff had mild mental limitations in all four functional areas. That is, Plaintiff had mild limitations in his ability to understand, remember, and apply information; in his ability to interact with others; in his ability to concentrate, persist, or maintain pace; and in his ability to adapt or manage himself. T 18-19. However, the ALJ's RFC determination is not supported by substantial evidence and is the product of legal error because the ALJ failed to reconcile his psychiatric review technique findings with Plaintiff's RFC.
>
> This Circuit has been clear, the ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing SSR 96-8p). The Ninth Circuit holds that it is error for the ALJ to create an RFC that does not incorporate the mild findings contained within the psychiatric review technique. *Hutton v. Astrue*, 491 Fed. App'x 850, 851 (9th Cir. 2012) ("Further, while the ALJ was free to reject Hutton's testimony as not credible, there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere PTSD caused some 'mild' limitations in the areas of concentration, persistent, or pace."). In this case, the ALJ found mild limitations in all four domains of the PRT, but failed to explain why these limitations were not incorporated into the RFC. In fact, the ALJ's decision does not mention Plaintiff's mental impairments after completion of the psychiatric review technique. This is error, as even nonsevere mental impairments must be considered when determining RFC. *Hutton*, 491 Fed. App'x at 851.

ECF No. 17, pgs. 15-16.

        Plaintiff states that additional mental limitations exist which the ALJ should have evaluated at Step 4. See id. at 16. Plaintiff contends:

> To be sure, the record does support that Plaintiff has additional mental limitations. Consider, Plaintiff testified that he was homeless and living in a van for the past five years. T 33. He has constant pain associated with his fistula and with his back. T 34. He had difficulty making and getting to appointments because he is homeless and unable to make arrangements to shower and clean himself before going to treat with providers. T 36. . . .

ECF No. 17, pg. 16.

The Court does not agree with Plaintiff that the ALJ is required to discuss non-severe mental limitations at Step 4. Contrary to Plaintiff's contention, 20 C.F.R. § 404.1520a provides the exact opposite. Under § 404.1520a(d), the Commissioner is required to utilize the PRT to rate the severity of mental impairments. The regulation further provides that the analysis ends if the Commissioner rates the degree of mental limitation as "none" or "mild." See 20 C.F.R. § 404.1520a(d)(1). It is only when a severe mental impairment is found that the Commissioner will then consider limitations associated with that impairment in determining the claimant's residual functional capacity. See 20 C.F.R. § 404.1520a(d)(3). The regulations do not require, as Plaintiff maintains, that "the findings in the PRT need [to] be considered in the RFC." ECF No. 19, pg. 15. It is only when the findings at Step 2 indicate a severe mental impairment that the PRT findings would be relevant at Step 4. See Hoopai v. Astrue, 499 F.3d 1071, 1076-77 (9th Cir. 2007). In this case, the ALJ concluded that Plaintiff's mental impairments are non-severe and Plaintiff does not challenge this determination.

Plaintiff's reliance on Hutton v Astrue is inappropriate and misplaced. First, as indicated above, the decision is unpublished and, therefore has no precedential value and should not have been cited. Second, the case is distinguishable on its facts. In Hutton, the Ninth Circuit concluded that the ALJ's error was based on the failure to properly evaluate the plaintiff's credibility.

Moreover, Plaintiff has not identified any mental limitations which exist but which the ALJ failed to evaluate at Step 4. In his brief, Plaintiff primarily identified homelessness, but does not tie homelessness to any particular mental impairment or resulting limitation on function.

For these reasons, the Court finds that the ALJ did not err with respect to evaluation of Plaintiff's non-severe mental limitations.

/ / /

/ / /

/ / /

/ / /

/ / /

B. **Physical Limitations**

Plaintiff argues that ALJ failed to properly evaluate medical opinions as to Plaintiff's physical limitations provided by Christine Fernando, M.D. "The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. See id.

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Social workers are not considered an acceptable medical source. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010). Nurse practitioners and physician assistants also are not acceptable medical sources. See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Opinions from "other sources" such as nurse practitioners, physician assistants, and social workers may be discounted provided the ALJ provides reasons germane to each source for doing so. See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance when opinions from "other sources" may be considered acceptable medical opinions).

The Commissioner has promulgated revised regulations concerning how ALJs must evaluate medical opinions for claims filed, as here, on or after March 27, 2017. See 20 C.F.R. §§ 404.1520c, 416.920c. These regulations supersede prior caselaw establishing the treating physician rule which established a hierarchy of weight to be given medical opinions depending on their source. See id.; see also Jones v. Saul, 2021 WL 620475, at *9 (E.D. Cal.

Feb. 17, 2021) ("In sum, because (1) the 2017 regulations are not arbitrary and capricious or manifestly contrary to statute, (2) the prior judicial construction was not mandated by the governing statutory language to the exclusion of a differing agency interpretation, and (3) the [treating-physician rule] is inconsistent with the new regulation, the court concludes that the 2017 regulations effectively displace or override [prior caselaw.]"). Thus, ALJs are no longer required to "defer to or give any specific evidentiary weight to" treating physicians over medical opinions from other sources. See Carr v. Comm'r of Soc. Sec., 2021 WL 1721692, at *7 (E.D. Cal. Apr. 30, 2021).

Under the revised regulations, the ALJ must evaluate opinions and prior administrative medical findings by considering their "persuasiveness." See Buethe v. Comm'r of Soc. Sec., 2021 WL 1966202, at *3 (E.D. Cal, May 17, 2021) (citing 20 C.F.R. § 404.1520c(a)). In determining how persuasive the opinion of a medical source is, an ALJ must consider the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(b), (c)(1)-(5)). Despite a requirement to consider all factors, the ALJ's duty to articulate a rationale for each factor varies. See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(a)-(b)).

Specifically, in all cases the ALJ must at least "explain how [she] considered the supportability and consistency factors," as they are "the most important factors." See Buethe, 2021 WL 1966202, at *4 (citing § 404.1520c(b)(2)). For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion] will be." See Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(1)). "For consistency, the regulations state: '[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive [the opinion] will be.'" Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(2)). "The ALJ is required to articulate findings on the remaining factors (relationship with claimant, specialization, and 'other') only when 'two or more medical opinions or prior administrative medical findings about the same

11

issue' are 'not exactly the same,' and both are 'equally well-supported [and] consistent with the record.'" Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(b)(2) & (3)).

The ALJ discussed Dr. Fernand's opinions at Step 4 as follows:

> The opinion of Christine Fernando, M.D., who limited the claimant to lifting and carrying 20 pounds occasionally and ten pounds frequently, standing and walking less than two hours with frequent breaks, sitting six hours, with frequent breaks and keeping the feet elevated; occasional bending, stooping, and crouching and frequent kneeling; occasional pulling; and reported he must avoid climbing ladders, working at heights, or operating heavy machinery and unprotected heights is not persuasive (Exhibit 3F, page 6). While the doctor's opinion is somewhat supported by signs of edema and stiffness, it is not supported by the findings of intact tandem walk, an ability to get on and off the examination table without difficulty, full range of motion, or full strength in the extremities. The opinion is also not consistent with the claimant's reported activities, the medical signs in the treatment record including negative Romberg test and normal gait and station, or the assessments of the State Agency medical consultants.

CAR 23-24.

The ALJ gave little weight to Dr. Fernando's opinion because of inconsistencies with other medical opinions on the record and evidence that Plaintiff is able to conduct daily activities. Plaintiff asserts that the ALJ has failed to provide an explanation how meager daily activities amount to the inconsistencies with the limitations identified by Dr. Fernando. See ECF. No. 17, pgs. 19-24. However, the Court notes the very fact that claimant can conduct daily activities is in direct opposition of Dr. Fernando's opinion that the claimant may only stand and/or walk for approximately less than two hours. Furthermore, the ALJ did not completely disregard Dr. Fernando's opinion, but acknowledged that Dr. Fernando's opinion is somewhat supported by Plaintiff's signs of edema and stiffness. The doctor's opinion, however, is not supported by the doctor's own findings of intact tandem walk, an ability to get on and off the examination table without difficulty, full range of motion, and full strength in the extremities. This internal inconsistency alone is sufficient basis for the ALJ to reject Dr. Fernando's opinions.

The ALJ provided more weight to the opinions of Dr. Williams and Dr. Hanna, agency reviewing consultants. Plaintiff does not challenge the ALJ's analysis of these doctors' opinions. When inconsistencies in medical opinions arise, the Court is obliged to uphold the ALJ's reasonable interpretation of the evidence. See Gutierrez v. Comm'r of Soc. Sec., 740 F.3d

519, 523 (9th Cir. 2014).  Thus, when the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision of the ALJ must be affirmed, see Thomas, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart, 856 F.2d 1335, 1338 (9th Cir. 1988).  Here, there is a conflict among the medical opinions and the ALJ did not err in rejecting Dr. Fernando's medical opinion to resolve the conflict because the ALJ provided a reasonable interpretation of the evidence, and the opinions of the agency doctors are supported by the record.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 17, is denied;
2. Defendant's motion for summary judgment, ECF No. 19, is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  November 8, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE